IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**EVERGREEN HELICOPTERS, INC.,**　　　　　　　　09-CV-917-BR
an Oregon corporation,

　　　　Plaintiff,　　　　　　　　　　　　　OPINION AND ORDER

v.

**COMTECH ROTOR BLADES, INC.,** a
California LLC, d/b/a/ ROTOR-
TECH INTERNATIONAL,

　　　　Defendant.


**NICHOLE Y. WINTERS**
**STEPHEN M. FELDMAN**
Perkins Coie, LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
(503) 727-2000

　　　　Attorneys for Plaintiff

1 - OPINION AND ORDER

**STEVEN O. ROSEN**
The Rosen Law Firm
620 S.W. Main Street, Suite 702
Portland , OR 97205
(503) 525-2525

       Attorneys for Defendant


**BROWN, Judge.**

      This matter comes before the Court on Defendant Comtech Rotor Blades, Inc.'s Motion (#19) to Change or Transfer Venue for Convenience. For the reasons that follow, the Court **DENIES** Defendant's Motion.


## BACKGROUND

      The facts in this matter are drawn from the Complaint and the parties' submissions related to Defendant's Motion. The following facts are undisputed except as otherwise noted.

      Plaintiff Evergreen Helicopters, Inc., is an Oregon corporation with its headquarters in McMinnville, Oregon. Plaintiff owns and operates a CH-54A Skycrane helicopter to perform, *inter alia*, firefighting services.

      Defendant is a California limited liability company with its principal place of business in Stockton, California, and is approved by the Federal Aviation Administration (FAA) to repair helicopter blades.

In 2004 Plaintiff purchased the Skycrane, which has six main rotor blades and four tail blades.  Each of the Skycrane's ten blades required repairs to make them airworthy.  In early 2006 Plaintiff contacted Defendant to determine whether Defendant would be able to repair the Skycrane rotor blades.  Defendant informed Plaintiff that it could repair them and ultimately provide an FAA certification as to their airworthiness.  Plaintiff subsequently sent to Defendant the ten blades from the Skycrane, two additional blades that also were not airworthy, and an airworthy "Master Blade" allegedly to serve as an example for balancing the tail blades.

Between March 2006 and May 2007, the parties entered into several written agreements to repair the blades (*i.e.*, repair quotes and repair orders).  Defendant returned the tail blades to Plaintiff in late 2006 and the main rotor blades in August 2007.  For each of the blades, Defendant stated it had performed certain repair work and issued an FAA-required certification that the blades were airworthy.  The parties, however, dispute the nature of the work performed by Defendant and the quality of the repairs.

In July 2007 Plaintiff alleges it was under contract with the federal government to perform certain firefighting services in or around Madras, Oregon.  Plaintiff alleges one of the Skycrane's tail blades was damaged in the firefighting effort,

3 - OPINION AND ORDER

and Plaintiff replaced it with one of the tail blades serviced by Defendant.  Plaintiff asserts it was unable to balance that tail blade with the others on the Skycrane, and, as a result, Plaintiff could not use its Skycrane to fight fires in and around Madras for three days during the pendency of its contract with the federal government.

Plaintiff alleges it subsequently had an Oregon corporation, Erickson Air-Crane, Inc., inspect the tail blades that Defendant had purportedly repaired.  According to Plaintiff, between October 2007 and June 2008 Erickson inspected the tail blades, made written assessments of their condition, provided Plaintiff with estimates for repairing the tail blades, and performed those suggested repairs.  Plaintiff asserts Erickson also found significant problems with the six main rotor blades allegedly repaired by Defendant.  Plaintiff hired Erickson to repair those blades as well, and Erickson completed repairs of three of the main rotor blades.  Plaintiff states the remaining blades remain with Erickson for repair.  Plaintiff alleges it has suffered economic damages from the loss of three days of profits during the pendency of its contract with the federal government because of Defendant's acts in addition to the expense of having Erickson inspect and repair the tail and main rotor blades.

On August 7, 2009, Plaintiff filed a Complaint alleging breach of contract, breach of implied contractual covenant of

good faith and fair dealing, fraud, negligence, and negligent misrepresentation.  On January 25, 2010, Defendant filed this Motion.

## STANDARDS

Transfers of venue between the federal courts is governed by 28 U.S.C. § 1404(a), which provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "This statute partially displaces the common law doctrine of *forum non conveniens*.  Nonetheless, *forum non conveniens* considerations are helpful in deciding a § 1404 transfer motion."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citations omitted).  *See also Ravelo Monegro v. Rosa*, 211 F.3d 509, 512-13 (9th Cir. 2000)("Section 1404(a) thus serves as a statutory substitute for forum non conveniens in federal court when the alternative forum is within the territory of the United States.").

When deciding a motion to transfer venue, a court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum."  *Decker Coal*, 805 F.2d at 843-44.  *See also Creative Tech., Ltd. v. Aztech Sys.*, 61 F.3d 696, 703 (9th Cir. 1995)(noting the "strong

5 - OPINION AND ORDER

presumption" in favor of a plaintiff's choice of forum).  The
defendant has the burden to "make a strong showing of
inconvenience" to upset the plaintiff's choice of forum.
*Decker Coal*, 805 F.2d at 843-44.

The decision to transfer venue under this section is within
the discretion of the district court based on individualized,
case-by-case considerations of convenience and fairness.  *Jones
v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000),
*cert. denied,* 531 U.S. 928 (2000).  Specifically, the court
should consider both private and public-interest factors
affecting the convenience of the forum.  *Decker Coal*, 805 F.2d at
843.  *See also Boston Telecommunications Group, Inc.* v. Wood, 588
F.3d 1201, 1206-07 (9th Cir. 2009)(employing a similar *forum non
conveniens* analysis).

## DISCUSSION

Defendant requests the Court to transfer this matter to the
United States District Court for the Eastern District of
California pursuant to 28 U.S.C. § 1404(a) on the ground that it
would be a more convenient location for trial.  Defendant
contends the balance of the public- and private-interest factors
weigh in favor of such a transfer.

Plaintiff, in turn, contends the factors at best weigh
evenly between the parties, and Defendant has not met its burden

6 - OPINION AND ORDER

to show inconvenience sufficient to override the preference necessarily accorded to Plaintiff's choice of forum.

The parties do not dispute this matter could have been properly filed in the Eastern District of California.

**I.    Private-Interest Factors.**

The private-interest factors a court must consider include:

> (1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining willing witnesses; (3) possibility of viewing subject premises; [and] (4) all other factors that render trial of the case expeditious and inexpensive.

*Creative Tech.*, 61 F.3d at 703.  *See also Decker Coal*, 805 F.2d at 843.

Defendant contends the Court should transfer this matter because Defendant resides in Stockton, California (approximately 50 Miles from the District Court for the Eastern District of California) as do many of its employees who are potential trial witnesses.  Defendant also asserts eight of its potential witnesses reside in California, one of whom is disabled and will face a hardship testifying in Oregon.  Defendant also states a Designated Engineering Representative who resides in Mesa, Arizona, will testify at trial for Defendant.  Thus, according to Defendant, the travel costs associated with trial in Oregon will be a hardship for each of its potential witnesses.  Defendant also asserts its business will suffer a hardship because the loss

7 - OPINION AND ORDER

of its employees for even a few days in a company of nine people would be significant.

Plaintiff, in turn, contends the private factors weigh in favor of trial in the District of Oregon. Plaintiff notes the physical evidence that may be relevant to the trial is in Oregon: *e.g.*, documents, rotor blades, and pieces of rotor blades. Although documentary evidence is generally easy to transport, Plaintiff asserts the rotor blades are approximately 32 feet long and weigh close to 350 pounds. Thus, Plaintiff states shipping the blades to California and storing them there would be a significant expense for Plaintiff.

With respect to trial witnesses, Plaintiff acknowledges Defendant's witnesses would be inconvenienced by conducting the trial in Oregon. Plaintiff, however, contends it would bear a similar hardship if the trial were held in California; *i.e.*, its employee-witnesses would face the expense of travel, and the loss of its high-level employees during trial also would negatively impact its business. In addition, Plaintiff states it intends to call both fact and expert witnesses from Erickson at trial, and contends the location of these witnesses in Oregon tilts the balance of the private factors in favor of trial in Oregon. Plaintiff concedes the third factor set out in *Creative Technology* ("viewing the subject premises") is probably inapplicable and should not affect the Court's analysis.

8 - OPINION AND ORDER

In its Reply, Defendant asserts Plaintiff can minimize the need for transporting its blades by offering an exemplar at trial or by photographic or videographic evidence. The Court, however, cannot conclusively determine on this record whether this is a viable option for Plaintiff. In addition, according to Plaintiff, some of the rotor blades are currently stored in McMinnville, Oregon, which is only about 40 miles from Portland and, therefore, would cost Plaintiff comparatively little to transport to Portland.

Defendant also contends Plaintiff could fly its employees to and from Sacramento for trial in Plaintiff's aircraft. Even if Defendant's contention were correct, however, Defendant does not explain how that option would defray Plaintiff's travel costs overall.

Defendant also argues the impact on Plaintiff's company from the loss of a few of Plaintiff's high-level executives is less than the impact that Defendant would suffer if eight of its nine total employees had to travel to Oregon for trial. The Court notes, however, those employees who testify in either forum will not likely be able to perform their jobs while at trial. On this record, the Court cannot resolve the relative impact each company will suffer from the loss of their employees during trial.

Finally, Defendant notes Plaintiff only states a "belief" that some witnesses from Erickson are located in Portland,

9 - OPINION AND ORDER

Oregon, rather than in Central Point, Oregon.  Although Plaintiff states it believes that some of the experts from Erickson work in the Portland, Oregon, office, the record is not conclusive.  In any event, the relative burden on Plaintiff's witnesses from Erickson appears to be roughly equal regardless where the trial is held because Erickson's employees appear to be mainly located in Central Point, Oregon, which is almost equidistant between Portland, Oregon, and Sacramento, California.

In addition, to the extent Erickson witnesses are or will be called as hostile witnesses, Defendant contends they are not subject to the subpoena power of either court because they are over 100 miles away from each court.  Federal Rule of Civil procedure 45(b), however, provides a court has effective subpoena power within its district, which, in this case, would include all of Oregon and, therefore, on this record, all of Plaintiff's witnesses.  The same cannot be said of the District Court for the Eastern District of California as to Plaintiff's proposed witnesses.  Thus, this factor favors trial in this District.

On balance, therefore, the private-interest factors are evenly balanced and do not weigh heavily in favor of Defendant.  Although, both parties' witnesses will be burdened by travel to either venue for trial, witnesses also can testify effectively by videoconference, which virtually eliminates the concern over forcing witnesses to travel to another forum for trial,

10 - OPINION AND ORDER

particularly if health concerns limit a witness's ability to travel.  Also as noted, Plaintiff's rotor blades, the only likely physical evidence discussed on this record, are located in McMinnville near Portland and in Central Point, which is roughly equidistant from Portland and Sacramento.  Thus, Plaintiff could likely transport the blades from and store them in McMinnville at less cost if the blades are necessary for trial in Portland, which favors trial in this District.

"Merely shift[ing] rather than eliminat[ing] the inconvenience" is not a ground for transfer of venue.  *Decker Coal*, 805 F.2d at 843.  On this record, the Court finds a change of venue to the Eastern District of California would merely shift the primary financial burden of trial to Plaintiff.  Accordingly, the Court concludes Defendant has not presented sufficient grounds on the basis of private-interest factors to overcome the presumption in favor of Plaintiff's choice of forum.

**II.  Public-Interest Factors.**

The public-interest factors a court must consider include:

> (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; [and] (5) the avoidance of unnecessary problems in conflicts of law.

*Creative Tech.*, 61 F.3d 696, 703-04.  *See also Decker Coal*, 805

11 - OPINION AND ORDER

F.2d at 843. Defendant contends the public-interest factors favor trial in the Eastern District of California because California's interest in litigating this matter is greater than Oregon's interest.

Defendant points out the acts that give rise to Plaintiff's contractual and tort claims, such as Defendant's representations to Plaintiff and its repair of Plaintiff's rotor blades, took place exclusively in California. Defendant, therefore, contends under an Oregon conflicts-of-law analysis, this fact would favor application of California law to Plaintiff's state-law claims, which, in turn, favors California as the most convenient forum under the fourth public-interest factor. Defendant did not specifically address the other public-interest factors in its initial brief.

According to Plaintiff, the public-interest factors weigh in favor of trial in this District. First, Plaintiff notes the number of pending cases in March 2009 in the District of Oregon is three times less than the number pending in the Eastern District of California (2,295 to 6,856 respectively), which favors trial in this District. Even though Defendant takes issue with the specifics of Plaintiff's statistics, such as the date of these statistics and the lack of a breakdown of cases between divisions in the two districts, Defendant does not offer any evidence to contradict the ratio of cases between the two

12 - OPINION AND ORDER

districts.  Moreover, it is well known that, until very recently, the workload of the judges in the Eastern District of California was even more burdensome because of a number of vacant district court positions there.  Although this District also has two judicial vacancies, we are fortunate to have, at least for the present, the full-time services of the two Senior District Judges whose positions are vacant.  As between the Eastern District of California and this District, the Court is convinced it would be less burdensome and in the interest of judicial economy for the case to remain here.

    Second, Plaintiff contends Oregon has a significant interest in this action because Plaintiff, the allegedly injured party, is an Oregon corporation that is headquartered in Oregon; the contracts at issue were negotiated in Oregon by Plaintiff, an Oregon resident; Plaintiff's injury arising from Defendant's alleged breach of contract and tortious conduct was suffered in Oregon by Plaintiff, an Oregon resident; and Oregon citizens suffered damages from the fire in and around Madras as a result of Plaintiff's inability to fight the forest fire with its Skycrane.

    Third, Plaintiff contends Oregon law should govern its contractual claims in light of the fact that the repair orders sent to Defendants from Plaintiff's offices in Oregon had a choice-of-law provision that requires application of the law of

13 - OPINION AND ORDER

the forum from which the repair orders were issued.  In addition, Plaintiff contends Oregon law also should govern its tort and fraud claims because Oregon and California law on those subjects do not materially differ, and, therefore, there is not a genuine conflict of law.  *See Spirit Partners, LP v. Stoel Rives LLP*, 212 Or. App. 295, 301 (2007)("The proponent of the law of another forum has the obligation to identify material differences between the applicable law of Oregon and of the other forum.").  Defendant counters the repair orders did not contain a choice-of-law provision as asserted by Plaintiff, and, therefore, California law "may apply."  Among other things, Defendant, however, does not satisfy its "obligation" to show that the laws of Oregon and California materially differ with respect to Plaintiff's claims as required under *Spirit Partners*.

    Finally, Plaintiff contends on the basis of its above arguments that Oregon citizens have a greater interest in the resolution of this matter than California citizens, which favors having an Oregon jury decide this matter.

    On this record, the Court concludes the public-interest factors weigh in favor of a trial in Oregon, and, in any event, Defendant has not shown the factors in favor of a trial in California outweigh Plaintiff's choice of forum in this District.  The alleged harm stemming from Defendant's allegedly wrongful conduct was suffered in Oregon, this District has less court

14 - OPINION AND ORDER

congestion, and the State of Oregon has a significant interest in the resolution of this matter.  Although Defendant has not shown there is a likelihood that California law will apply, the Court is capable of applying California law in the event it is ultimately determined that it controls some or all of Plaintiff's claims.

In summary, the Court has considered the issues of convenience and fairness between this District and Defendant's proposed alternate forum in the Eastern District of California, *see Jones*, 211 F.3d at 498, and the Court concludes the private- and public-interest factors as they apply to this matter weigh in favor of Plaintiff.  The Court, therefore, in the exercise of its discretion, denies Defendant's Motion.

## **CONCLUSION**

For these reasons, the Court **DENIES** Defendant's Motion (#19) to Change or Transfer Venue for Convenience.

IT IS SO ORDERED.

DATED this 11th day of May, 2010.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER